FILED
BILLINGS DIV.

2008 NOV 24 PM 4 25

PATRICK E. DUFFY, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

|  |  |
|---|---|
| PACIFICORP,<br>Plaintiff,<br><br>vs.<br><br>Easement and Right-of-Way Across:<br><br>T 1 S, R 27 E, MPM,   Section 27: W½SW¼<br>         Section 28: SW¼NE¼, N½SE¼;<br>T 2 S, R 28 E, MPM,   Section 4: E½SE¼<br>         Section 10: W½SW¼, SE¼SW¼<br>         Section 14: SW¼NW¼;<br>T 4 S, R 29 E, MPM,   Section 15: NE¼NW¼,<br>SW¼SW¼        Section 16: E½NE¼,<br>E½SE¼;<br>T 6 S, R 28 E, MPM, Section 25: E½SW¼, SW¼SW¼<br>         Section 26: SE¼SE¼;<br>T 6 S, R 30 E, MPM, Section 11: S½SW¼,<br>T 6 S, R 31 E, MPM, Section 26: NE¼NE¼;<br>T 7 S, R 32 E, MPM,   Section 14: SW¼SE¼<br>         Section 24: N½SE¼, S½SE¼;<br>T 7 S, R 33 E, MPM,   Section 19: SW¼SW¼<br>         Section 30: NE¼SE¼, N½SE¼,<br>            SE¼SE¼.<br><br>in Bighorn County, Montana, Consisting of<br>Approximately 33.4 Acres,<br>HENRY REAL BIRD, et al.,<br>UNITED STATES OF AMERICA, and<br>UNKNOWN OWNERS,<br><br>Defendants. | CV-06-122-BLG-RFC-CSO<br><br><br><br><br><br><br><br><br><br>**FINDINGS AND**<br>**RECOMMENDATIONS OF**<br>**UNITED STATES**<br>**MAGISTRATE JUDGE** |

1

Pending before the Court is PacifiCorp's Motion for Entry by Default of Preliminary Condemnation Order Per Mont. Code Ann. § 70-30-206 (Court's Doc. No. 103). The Clerk has already entered Orders of Default as to the defendants named in the motion. No defendant has opposed the motion. Upon consideration by the Court of the following:

1.	Condemnation Complaint (Court's Doc. No. 1 No. 1);

2.	First Amended Condemnation Complaint (Court's Doc. No. 39);

3.	Motion for Entry of Default regarding defendants Beatrice Rasmussen and Earl Bear Crane (Court's Doc. No. 24);

4.	Motion for Entry of Default regarding defendants Gwendolyn O'Brien and Unknown Owners (Court's Doc. No. 68);

5.	Order of Default regarding defendants Beatrice Rasmussen and Earl Bear Crane (Court's Doc. No. 56);

6.	Clerk's Entry of Default regarding defendants Beatrice Rasmussen and Earl Bear Crane (Court's Doc. No. 57);

7.	Order of Default regarding defendants Gwendolyn O'Brien and Unknown Owners (Court's Doc. No. 70);

8.	Motion for Entry by Default of Preliminary Condemnation Order per Mont. Code Ann. §70-30-206 regarding defendants Beatrice Rasmussen, Earl Bear Crane, Gwendolyn O'Brien, and Unknown Owners (Court's Doc. No. 103); and

9.	The record in this matter;

and good cause appearing therefore, the Court will recommend that a Preliminary Condemnation Order be entered pursuant to Mont. Code Ann. § 70-30-206 in favor of

plaintiff PacifiCorp and against defendants Beatrice Rasmussen, Earl Bear Crane, Gwendolyn O'Brien, and Unknown Owners as follows:

### IT IS RECOMMENDED THAT:

A.  PacifiCorp, its successors and assigns, be granted, for as long as the interest is necessary for the purpose described in the First Amended Condemnation Complaint, an easement and right-of-way across that certain real property described below in which Beatrice Rasmussen, Earl Bear Crane, Gwendolyn O'Brien, and Unknown Owners are the respective beneficial owners, to survey, erect, construct, operate, maintain, inspect, patrol, test, protect, increase or decrease the capacity of, change the characteristics and capabilities of, repair, rebuild, replace, remove and remediate certain transmission lines located thereon (the "Transmission Lines"), and for such other uses and purposes as the law may require of an owner and operator of electric transmission lines, together with the right to install, replace, renew, convert and relocate on, across, or over its easement and right of way transmission structures, the Transmission Lines as they currently exist or may hereafter be located, along with roads, trails, tracks, paths, adjoining property, airspace, and other routes and means reasonably necessary to access the Transmission Lines by ground or aeronautically for each and every one of the foregoing purposes, reasons and uses (each of the foregoing purposes, reasons and uses relating to the Transmission Lines easement and right-of-way and the associated access easement and right-of-way are hereinafter referred to

3

collectively as the "Easement"). Such reasonably necessary access must be made in the manner that is compatible with the greatest public benefit and least private harm.

B. The scope of the Easement granted herein shall consist of an easement, for as long as the interest is necessary for the purpose described in the First Amended Condemnation Complaint, 100 feet wide, 50 feet on either side of the centerline of the Transmission Lines as they currently exist or may hereafter be located, along with 20 foot wide access roads, trails, tracks, paths, adjoining property and the airspace above the Transmission Lines (the "Access Routes"), which are reasonably necessary to operate and access the Transmission Lines for the reasons, uses, and purposes stated hereinabove. Such reasonably necessary access must be made in the manner that is compatible with the greatest public benefit and least private harm.

C. The Transmission Lines and Access Routes under the Easement shall be initially located as follows:

| **Name:** | **Initial Location:** |
|---|---|
| Beatrice Rasmussen | Exhibit A to Court's Doc. No. 103 |
| Gwendolyn O'Brien | Exhibit A to Court's Doc. No. 103 |

4

| | |
|---|---|
| Earl Bear Crane | Exhibit B to Court's Doc. No. 103 |
| Unknown Owners | Exhibit C to Court's Doc. No. 103 |

D.    A trial on the compensation to be awarded herein shall be scheduled at a later date determined by the Court. Notwithstanding the foregoing, each of the defendants subject to this Order may present evidence at the trial on compensation and may share in the award, all as provided by Rule 71.1, Fed.R.Civ.P.

Dated this 24th day of November, 2008.

HON. CAROLYN S. OSTBY
U. S. MAGISTRATE JUDGE