```
                                              FILED
                                           BILLINGS DIV.

   IN THE UNITED STATES DISTRICT COURT   2009 JAN 5 PM 2 33

       FOR THE DISTRICT OF MONTANA        PATRICK E. ........ CLERK
                                          BY _____
            BILLINGS DIVISION                     DEPUTY CLERK
```

| | |
|---|---|
| PACIFICORP, ) | CV-06-122-BLG-RFC-CSO |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER ADOPTING** |
| Easement and Right of Way Across: ) | **FINDINGS AND** |
| T 2 S, R 2 8E, MPM, Section 4: E¼SE¼ ) | **RECOMMENDATIONS** |
| Section 10: W½SW¼, SE¼ SW¼ ) | **OF UNITED STATES** |
| Section 14: SW¼NW¼ ) | **MAGISTRATE JUDGE** |
| T 4 S, R 29 E, MPM, ) | |
| Section 15: NE¼NW¼, SW¼SW¼ ) | |
| Section 16: E½NW¼, E½SE¼ ) | |
| T 5 S, R 29 E. MPM, Section 10: S½,NE¼NE¼, ) | |
| S½NE¼, W½SE¼ ) | |
| T 6 S, R 31 E, MPM, Section 26: NE¼NE¼ ) | |
| Section 36: NW¼NE¼ ) | |
| T 7 S, R 32 E, MPM, Section 14: SW¼SE¼ ) | |
| Section 24: N½SE¼, S½SE¼ ) | |
| T 7 S, R 33 E, MPM  Section 19: SW¼SW¼ ) | |
| Section 30: NE¼SE¼ ) | |
| in Bighorn County, Montana, Consisting of ) | |
| Approximately 33.4 Acres, ) | |
| HENRY REAL BIRD, et al. And Unknown Owners, ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

On November 24, 2008, United States Magistrate Judge Carolyn Ostby entered her

Findings and Recommendation. Magistrate Judge Ostby recommends a Preliminary

1

Condemnation Order be entered pursuant to Mont. Code Ann. § 70-30-206, in favor of plaintiff PacifiCorp and against defendants Beatrice Rasmussen, Earl Bear Crane, Gwendolyn O'Brien, and Unknown Owners.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1). In this matter, no party filed objections to November 24, 2008 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Therefore, IT IS HEREBY ORDERED that a Preliminary Condemnation Order is entered pursuant to Mont. Code Ann. § 70-30-206 in favor of plaintiff PacifiCorp and against defendants Beatrice Rasmussen, Earl Bear Crane, Gwendolyn O'Brien, and Unknown Owners as follows:

1.  PacifiCorp, its successors and assigns, be granted, for as long as the interest is necessary for the purpose described in the First Amended Condemnation Complaint, an easement and right-of-way across that certain real property described below in which Beatrice Rasmussen, Earl Bear Crane, Gwendolyn O'Brien, and Unknown Owners are the respective beneficial owners, to survey, erect, construct, operate, maintain, inspect, patrol, test, protect, increase or decrease the capacity of, change the characteristics and capabilities of, repair, rebuild, replace,

remove and remediate certain transmission lines located thereon (the "Transmission Lines"), and for such other uses and purposes as the law may require of an owner and operator of electric transmission lines, together with the right to install, replace, renew, convert and relocate on, across, or over its easement and right of way transmission structures, the Transmission Lines as they currently exist or may hereafter be located, along with roads, trails, tracks, paths, adjoining property, airspace, and other routes and means reasonably necessary to access the Transmission Lines by ground or aeronautically for each and every one of the foregoing purposes, reasons and uses (each of the foregoing purposes, reasons and uses relating to the Transmission Lines easement and right-of-way and the associated access easement and right-of-way are hereinafter referred to collectively as the "Easement"). Such reasonably necessary access must be made in the manner that is compatible with the greatest public benefit and least private harm.

2.  The scope of the Easement granted herein shall consist of an easement, for as long as the interest is necessary for the purpose described in the First Amended Condemnation Complaint, 100 feet wide, 50 feet on either side of the centerline of the Transmission Lines as they currently exist or may hereafter be located, along with 20 foot wide access roads, trails, tracks, paths, adjoining property and the airspace above the Transmission Lines (the "Access Routes"), which are reasonably necessary to operate and access the Transmission Lines for the reasons, uses, and purposes stated hereinabove. Such reasonably necessary access must be made in the manner that is compatible with the greatest public benefit and least private harm.

3.  The Transmission Lines and Access Routes under the Easement shall be initially located as follows:

| Name: | Initial Location: |
|---|---|
| Beatrice Rasmussen | Exhibit A to Court's Doc. No. 103 |
| Gwendolyn O'Brien | Exhibit A to Court's Doc. No. 103 |
| Earl Bear Crane | Exhibit B to Court's Doc. No. 103 |
| Unknown Owners | Exhibit C to Court's Doc. No. 103 |

4. A trial on the compensation to be awarded herein shall be scheduled at a later date determined by the Court. Notwithstanding the foregoing, each of the defendants subject to this Order may present evidence at the trial on compensation and may share in the award, all as provided by Rule 71.1, Fed.R.Civ.P.

The Clerk of Court shall notify the parties of the making of this Order.

DATED the _____ day of January, 2009.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE